IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL TRAVELERS COMPANIES, INC.<br>385 Washington Street<br>St. Paul, MN 55102<br><br>and<br><br>DAISY CONSTRUCTION COMPANY<br>3128 New Castle Avenue<br>New Castle, DE 19720<br><br>Plaintiffs,<br><br>v.<br><br>WALPAR, INC.<br>4200 Jefferson Avenue<br>Birmingham, AL 35221<br><br>Defendant. | : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY RELIEF**

This declaratory judgment action arises out of a claim made by Defendant, Walpar, Inc. ("Walpar"), on a surety bond issued by Plaintiffs, St. Paul Travelers Companies, Inc. ("St. Paul"), as surety, and Daisy Construction Company ("Daisy"), as principal, in connection with Daisy's role as the general contractor on a construction project at the Delaware Memorial Bridge (the "Project"). Walpar's only involvement in the Project was limited to supplying materials to a subcontractor. Walpar, therefore, lacks standing to assert a claim against the surety bond. Accordingly, St. Paul and Daisy respectfully request that this Court resolve the instant controversy and declare that Walpar has no standing to assert a claim under the bond. In support of this request, St. Paul and Daisy aver as follows:

# 417565 v.1

## THE PARTIES

1. St. Paul is a corporation, incorporated in the State of Minnesota, with a principal place of business at 385 Washington, Street, Saint Paul, MN 55102.

2. Daisy is a corporation, incorporated in the State of Delaware, with a principal place of business at 3128 New Castle Avenue, New Castle, DE 19720.

3. Walpar is a corporation, incorporated in the State of Alabama, with a principal place of business at 4200 Jefferson Avenue Birmingham, AL 35221.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue is proper in the judicial district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this cause of action occurred within this judicial district.

## FACTUAL BACKGROUND

6. On or about May 3, 2002, Daisy entered into an agreement with the Delaware River and Bay Authority to act as the general contractor on the Project.

7. St. Paul, as surety, and Daisy, as principal, issued a surety bond in connection with Daisy's role as general contractor on the Project. A copy of the bond is attached hereto as exhibit "A."

8. On or about April 26, 2002, Daisy entered into a subcontract agreement with Specialty Service Contractors ("Specialty") pursuant to which Specialty was to perform a certain defined scope of work on the Project.

9. In connection with the performance of its work on the Project, Specialty ordered and received materials and supplies from Walpar.

10. Walpar's involvement on the Project was limited to providing materials to Specialty. Walpar did not have any contractual relationship with Daisy, nor did it directly supply any materials to Daisy.

11. Walpar has made a demand against the surety bond for an amount greater than $75,000. Walpar's claim is for amounts that are allegedly owed to it by Specialty for the materials that it furnished to Specialty, which it claims are guaranteed by the surety bond. Walpar has recently threatened to commence a lawsuit against St. Paul in Alabama for these amounts.

12. Walpar's claim against the bond is without merit because as a supplier to a subcontractor on the Project, it lacks standing to assert a claim against the surety bond.

13. St. Paul and Daisy are entitled to declaratory relief because there is an actual controversy among St. Paul, Daisy, and Walpar regarding the surety bond and such relief will clarify and resolve this dispute, terminating the uncertainty, insecurity, and controversy between the parties.

WHEREFORE, St. Paul and Daisy request that the Court declare that Walpar lacks standing to assert a claim on the surety bond.

          Respectfully submitted:

          _/s/ Kevin W. Goldstein_
          Kevin W. Goldstein
          Maryanne T. Donaghy
          STRADLEY, RONON, STEVENS & YOUNG, LLP
          300 Delaware Avenue, Suite 800
          P.O. Box 2170
          Wilmington, DE 19801
          (302) 576-5850

          Attorneys for Plaintiff,
          St. Paul Travelers Companies, Inc.

          _/s/ Edward Seglias_
          Edward Seglias
          COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.
          Nemours Building
          1007 Orange Street, Suite 205
          Wilmington, DE 19801

          Attorneys for Plaintiff,
          Daisy Construction Company

Counsel for St. Paul Travelers Companies, Inc.:

Patrick R. Kingsley
William T. Mandia
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000