IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL TRAVELERS COMPANIES, INC., and DAISY CONSTRUCTION COMPANY, | )<br>)<br>)<br>) | |
| | ) | C.A. No.: 05-880 (KAJ) |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | |
| WALPAR, INC. | )<br>) | |
| Defendant | ) | |

## ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND COUNTERCLAIM

### THE PARTIES

1. Admitted.

2. Admitted

3. Admitted

### JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

### FACTUAL BACKGROUND

6. Admitted.

7. Admitted.

8. Admitted that on or about April 26, 2002, Daisy entered into a subcontract agreement with Specialty Service Contractors ("Specialty") pursuant to which Specialty was to supply certain materials and perform a certain scope of work on the project.

9. It is admitted that Walpar furnished materials to be utilized on the project covered by the contract referred to in ¶6 hereof. All other allegations of this paragraph are denied.

10. It is admitted that Walpar's involvement in this matter was to provide materials to be utilized in satisfaction of the contractual obligations referred to in ¶6 of the complaint. It is admitted that the answering defendant did not supply any materials to Daisy pursuant to any contractual relationship between it and Daisy. The remaining allegations of this paragraph are denied.

11. It is admitted that Walpar has made demand against the Surety Bond for the amount of $103,574.04, which is for payment for materials supplied to be used in satisfaction of the contractual obligations of the contract referred to in ¶6 hereof. The remaining allegations of this paragraph are denied.

12. Denied.

13. Denied.

## COUNTERCLAIM

## COUNT I

14. Under the term of the bond attached to the complaint, as Exhibit "A", Daisy Construction obligated itself to perform the terms of the contract between it, and the Delaware River and Bay Authority (hereinafter referred to as "Authority") "...for the performance of certain work for said Authority and shall well and truly provide and furnish all the materials...", and further Daisy stated that it would "...well and truly pay all and any person furnishing material...".

15. The defendant, Walpar, has furnished materials in satisfaction of Daisy's contractual obligation to the Authority in the amount of $269,307.

16. The defendant, Walpar, is a third-party beneficiary of the contractual obligations undertaken by Daisy, as referred to in paragraphs 14 and 15.

17. As of the date of this counterclaim the defendant has been paid the sum of $165, 732.96.

18. The defendant is still entitled to and owed the sum of $103,574.04.

## COUNT II

18. The defendant incorporates herein and makes a part hereof the allegations contained in paragraphs 14 through 18.

19. The plaintiff, Daisy Construction has received materials and goods valued at $103,574.04, for which payment has been made neither to the defendant, nor any other party.

20. The plaintiff, Daisy Construction has been unjustly enriched in the amount of $103,574.04.

## FIRST AFFIRMATIVE DEFENSE

The plaintiffs fail to state a claim upon which this Court can grant relief, and which should be dismissed pursuant to F.R.C.P. 12(b).

WHEREFORE, the defendant demands judgment against the plaintiffs in the amount of $103,574.04, with prejudgment and post-judgment interest.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
302-472-4900
Attorney for Defendant

DATED:  April 18, 2006

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the attached document was sent via electronic filing to the following counsel on April 18, 2006:

>Maryanne T. Donaghy, Esquire
>Stradley, Ronon, Stevens & Young, LLP
>300 Delaware Avenue, Suite 800
>P.O. Box 2170
>Wilmington, DE  19801

>          /s/ Melissa A. Chionchio
>Melissa A. Chionchio
>Secretary to Gary W. Aber, Esquire