IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL TRAVELERS COMPANIES, INC.<br><br>and<br><br>DAISY CONSTRUCTION COMPANY,<br><br>     Plaintiffs,<br><br> v.<br><br>WALPAR, INC.,<br><br>     Defendant. | CASE NO. 05-880 (KAJ) |

## PLAINTIFF AND COUNTERCLAIM DEFENDANT, DAISY CONSTRUCTION COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM OF DEFENDANT/COUNTERCLAIM PLAINTIFF, WALPAR, INC.

Plaintiff and Defendant-in-Counterclaim, Daisy Construction Company, ("Daisy") by its undersigned counsel, hereby submits this Answer to Counterclaim of Defendant and Plaintiff-in-Counterclaim, Walpar, Inc. ("Walpar"), and avers as follows:

### COUNT I

14. Denied. The allegations set forth in Paragraph 14 of Walpar's Counterclaim are characterizations of a written document, the terms of which speak for themselves and Daisy denies any characterization of its contents.

15. Denied. The allegations set forth in Paragraph 15 Walpar's Counterclaim constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

16.     Denied. The allegations set forth in Paragraph 16 of Walpar's Counterclaim constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

17.     Denied. Upon information and belief, any amount paid to Walpar resulted from its contract with Specialty Services Contractors ("Specialty"). To the extent a further response is required, the allegations are denied.

18.     Denied. Upon information and belief, any amount alleged owing to Walpar resulted from its contract with Specialty. To the extent a further response is required, the allegations are denied.

## COUNT II

19.     Daisy incorporates by reference paragraphs 14 through 18, as though set forth at length herein.

20.     Denied. Daisy is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 of Walpar's Counterclaim. To the extent a response is required, the allegations are denied.

21.     Denied. The averments set forth in Paragraph 20 of Walpar's Counterclaim constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Plaintiff and Defendant-in-Counterclaim, Daisy Construction Company, demands dismissal of the Counterclaims with prejudice, costs of suit, and other such relief as this court deems just and appropriate.

5696-019
5696-026

### FIRST AFFIRMATIVE DEFENSE

1. Walpar has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Walpar's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Walpar's claims are barred by the lack of contractual privity between Walpar and Daisy.

### FOURTH AFFIRMATIVE DEFENSE

4. Walpar's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Walpar's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Walpar's claims are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

7. Walpar's claims are barred by the Statute of Frauds.

### EIGHTH AFFIRMATIVE DEFENSE

8. Walpar's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

9. Walpar's claims are barred by concurrent delay and disruption.

### TENTH AFFIRMATIVE DEFENSE

10. Daisy did not commit any material breach of any contractual duty, express or implied, in law or in equity, owed to Walpar.

5696-019
5696-026

## ELEVENTH AFFIRMATIVE DEFENSE

11. If Walpar has sustained any damages, which is specifically denied, Walpar's claims are barred because Walpar failed to mitigate its damages.

## TWELFTH AFFIRMATIVE DEFENSE

12. If Walpar has sustained any damages, which is specifically denied, Walpar's claims are barred by the actions or inactions of Walpar, and/or were caused by factors beyond Daisy's control and/or by third parties of which Daisy has no control and cannot be responsible.

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

_/s/ Robert K. Beste_
Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street, Suite 1130
Wilmington, DE 19801
(302) 425-5089
Attorneys for Plaintiff / Defendant-in-Counterclaim
Daisy Construction Company

Date: May 24, 2006

## CERTIFICATE OF SERVICE

I, Robert K. Beste, Jr., Esquire, hereby certify that on this 24th day of May, 2006, a true and correct copy of "Plaintiff and Defendant-in-Counterclaim, Daisy Construction Company's foregoing Answer and Affirmative Defenses to the Counterclaim of Defendant and Plaintiff-in-Counterclaim, Walpar, Inc." was served upon the following electronically:

Gary W. Aber
ABER, GOLDLUST, BAKER & OVER
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19889

Maryanne T. Donaghy
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue, Suite 800
P.O. Box 2170
Wilmington, DE 19801

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

_____
Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street, Suite 1130, Nemours Bldg.
Wilmington, DE 19801
(302) 425-5089
Attorneys for Plaintiff / Defendant-in-Counterclaim
Daisy Construction Company

5696-019
5696-026