IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL TRAVELERS COMPANIES, INC. <br><br> and <br><br> DAISY CONSTRUCTION COMPANY, <br><br> Plaintiffs, <br> v. <br><br> WALPAR, INC., <br><br> Defendant, <br><br> AND <br><br> DAISY CONSTRUCTION COMPANY, <br><br> Third-Party Plaintiff, <br> v. <br><br> SPECIALTY SERVICE CONTRACTORS, INC., <br><br> Third-Party Defendant. | : <br> : <br> : <br> : <br> : <br> : CASE NO. 05-880 (KAJ) <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

### THIRD PARTY COMPLAINT

Third-Party Plaintiff, Daisy Construction Company ("Daisy"), by way of Third-Party Complaint against Third-Party Defendant, Specialty Service Contractors, Inc. ("Specialty") in connection with a construction project at the Delaware Memorial Bridge (the "Project") avers as follows:

1. On or about December 21, 2005, Plaintiffs, Daisy and St. Paul Travelers Companies, Inc. ("St. Paul Travelers"), commenced the above-action against the Defendant,

Walpar, Inc. ("Walpar"), wherein Plaintiffs alleged a claim for declaratory relief for this Court to resolve a claim against St. Paul Travelers. A true and correct copy of the Complaint is attached hereto as Exhibit "A" and incorporated herein.

2. On or about April 18, 2006, Walpar filed and served its Answer to Complaint for Declaratory Relief and Counterclaim (the "Counterclaim"). A true and correct copy of Walpar's Answer to Complaint for Declaratory Relief and Counterclaim is attached hereto as Exhibit "B."

3. Daisy incorporates the allegations set forth in Walpar's Counterclaim as if fully set forth at length herein.

4. At all times relevant thereto, Daisy entered into a subcontract with Specialty to perform certain work on the Project (the "Contract"). A true and correct copy of the Contract by and between Daisy and Specialty is attached hereto as Exhibit "C."

5. Specialty is a corporation of the State of Maryland with a principal place of business at 215 Cockeysville Road, Cockeysville, Maryland 21236.

6. Specialty entered into a subcontract with Walpar (the "Subcontract"), the scope of which encompasses, includes or otherwise affects the damages complained of by Walpar in its Counterclaim.

7. If Walpar's damages are proven true at the time of trial, said allegations being expressly denied, then the alleged damages were caused by the actions, inactions and/or breach of the Subcontract by Specialty.

8. The alleged damages were not caused by any act or omission of Daisy.

9. Any and all conditions precedent to the commencement of this third-party complaint have been satisfied and/or waived.

5696-019
5696-026

## COUNT I - BREACH OF CONTRACT

10. Daisy incorporates by reference paragraphs 1 through 9 of this Third-Party Complaint as though set forth at length herein.

11. The Contract amount is for $722,000.00. During the course of dealings between the parties, the contracted price was changed from $722,000.00 to $531,255.64 through a series of deduct change orders.

12. To date, Daisy has made payments on the Contract in the amount of $421,695.71, leaving an "open" balance of $109,562.93.

13. The Contract between Daisy and Specialty provided that Daisy was to retain five-percent (5%) of the total contract amount as retainage to ensure completion of the Contract. The amount retained by Daisy on the Contract is $26,562.93.

14. The Contract expressly states that Specialty is responsible for liquidated damages.

15. The Contract provides that Specialty is exclusively responsible for signage. The Project was substantially complete on November 23, 2003, except for signage. The signage was not substantially completed until February 10, 2004.

16. During the period of November 23, 2003 to February 10, 2004, liquidated damages in the amount of $1,000.00 per day were assessed by the owner, the Delaware River & Bay Authority, against Daisy as a result of Specialty's delay in completing the signage.

17. This delay of eighty (80) days resulted in liquidated damages, in the amount of $80,000.00 assessed against Daisy.

18. Pursuant to the Contract, the liquidated damages in the amount of $80,000.00 are the responsibility of Specialty.

19. On or about August 2004, Specialty was provided a "punch list" that documented

a number of items that Specialty was required to perform pursuant to the Contract. Daisy received the punch list from the owner as a result of Specialty's failure to performed work as required by the Contract.

20.  Daisy made numerous requests for Specialty to return to the jobsite in order to complete the punch list and its other contractual obligations. However, Specialty continually failed to comply with these requests.

21.  After Specialty refused to comply with the requirements of the Contract, Daisy terminated the Contract.

22.  Following the termination of the contract, Daily became responsible to the owner to fulfill Specialty's contractual obligation.

23.  Daisy has, in all respects, performed its contractual obligations.

24.  Specialty improperly and unlawfully materially breached its Contract with Daisy, by failing to complete its obligations in accordance with the Contract. Specialty refused and neglected to supply sufficient workmen or materials of proper quality or sufficient quantity in order to complete the work under the Contract.

25.  Specialty failed to perform its contractual obligations, including performance of the tasks listed in the punch list in accordance with the Contract.

26.  Daisy incurred expenses in excess of $50,000.00 in order to complete the Contract. This amount, together with the $80,000.00 liquidated damages assessment, is in excess of the outstanding "open" balance remaining on the Contract.

27.  Pursuant to the Contract, Specialty is responsible for cost of the work performed, in whole or in part by Daisy or a third-party in excess of the outstanding Contract balance as Daisy is entitled to damages measured by the amount required to remedy Specialty defective

performance.

**WHEREFORE**, Third-Party Plaintiff, Daisy Construction Company requests that the Court enter judgment in its favor against Third-Party Defendant, Specialty Service Contractors, Inc. together with interest, penalties, costs of suit, counsel fees and such other relief as this Court deems just, proper and equitable.

### COUNT II - BREACH OF WARRANTY

28. Daisy incorporate by reference paragraphs 1 through 27 of this Third-Party Complaint as though set forth at length herein.

29. Pursuant to the Contract, Specialty warranted and guaranteed all work and materials to be free from defects for one (1) year after owner's final acceptance of the Project.

30. The work, together with all materials furnished by Specialty, was not free of defects and Daisy was required to complete Specialty's contractual obligations. Specialty improperly and unlawfully breached its warranty by failing to satisfy its obligations in accordance with the Contract, as well as other warranties provided by law.

**WHEREFORE**, Third-Party Plaintiff, Daisy Construction Company requests that the Court enter judgment in its favor against Third-Party Defendant, Specialty Service Contractors, Inc. together with interest, penalties, costs of suit, counsel fees and such other relief as this Court deems just, proper and equitable.

### COUNT III - CONTRACTUAL INDEMNIFICATION

31. Daisy incorporates by reference paragraphs 1 through 30 of this Third-Party Complaint as though set forth at length herein.

32. If Daisy is found liable to Walpar for damages, Specialty is required to indemnify Daisy as a matter of express or implied contract.

33. As a matter of express contract, the Contract contains a hold harmless/indemnity agreement running from Daisy to Specialty.

34. Under the terms of the Contract, Specialty agrees to hold Daisy harmless for any and all claims of persons furnishing materials or labor or appliances in connection with the Contract.

35. The damages complained about by Walpar were caused whole or in part by the acts or omissions of Specialty.

**WHEREFORE**, Third Party Plaintiff, Daisy Construction Company requests that the Court enter judgment in its favor against Third Party Defendant, Specialty Service Contractors, Inc. together with interest, penalties, costs of suit, counsel fees and such other relief as this Court deems just, proper and equitable.

### COUNT IV - COMMON LAW INDEMNIFICATION

36. Daisy incorporates by reference paragraph 1 through 35 of this Third-Party Complaint as though set forth at length herein.

37. To the extent that Daisy is held liable to Walpar under principles of the common law, Specialty is required to indemnify Daisy for any implied contract to avoid unjust enrichment.

38. The damages complained about by Walpar were caused in whole or in part by the acts or omissions of Specialty.

**WHEREFORE**, Third-Party Plaintiff, Daisy Construction Company requests that the Court enter judgment in its favor against Third-Party Defendant, Specialty Service Contractors, Inc. together with interest, penalties, costs of suit, counsel fees and such other relief as this Court deems just, proper and equitable.

5696-019
5696-026

## COUNT V - ATTORNEY'S FEES

39. Daisy incorporates by reference paragraph 1 through 38 of this Third-Party Complaint as though set forth at length herein.

40. Under the terms of the Contract, Specialty agreed to pay Daisy's expenses and attorney's fees incurred because of Specialty's default in the performance of work or in the payment of labor and/or material bills.

41. As this third-party complaint and the counterclaims asserted by Walpar arise out of and/or relate in whole or in part to the acts or omissions of Specialty, Specialty is responsible for Daisy's attorney's fees.

WHEREFORE, Third-Party Plaintiff, Daisy Construction Company, demands judgment in its favor and against Third-Party Defendant, Specialty Service Contractors, Inc. together with interest, penalties, costs of suit, counsel fees and such other relief as this Court deems just, proper and equitable.

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

_____
Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street, Suite 1103, Nemours Bldg.
Wilmington, DE 19801
(302) 425-5089
Attorneys for Third-Party Plaintiff
Daisy Construction Company

Date: May 24, 2006

5696-019
5696-026