Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL TRAVELERS COMPANIES, INC.<br>385 Washington Street<br>St. Paul, MN 55102<br><br>and<br><br>DAISY CONSTRUCTION COMPANY<br>3128 New Castle Avenue<br>New Castle, DE 19720<br><br>Plaintiffs,<br><br>v.<br><br>WALPAR, INC.<br>4200 Jefferson Avenue<br>Birmingham, AL 35221<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY RELIEF**

This declaratory judgment action arises out of a claim made by Defendant, Walpar, Inc. ("Walpar"), on a surety bond issued by Plaintiffs, St. Paul Travelers Companies, Inc. ("St. Paul"), as surety, and Daisy Construction Company ("Daisy"), as principal, in connection with Daisy's role as the general contractor on a construction project at the Delaware Memorial Bridge (the "Project"). Walpar's only involvement in the Project was limited to supplying materials to a subcontractor. Walpar, therefore, lacks standing to assert a claim against the surety bond. Accordingly, St. Paul and Daisy respectfully request that this Court resolve the instant controversy and declare that Walpar has no standing to assert a claim under the bond. In support of this request, St. Paul and Daisy aver as follows:

## THE PARTIES

1. St. Paul is a corporation, incorporated in the State of Minnesota, with a principal place of business at 385 Washington, Street, Saint Paul, MN 55102.

2. Daisy is a corporation, incorporated in the State of Delaware, with a principal place of business at 3128 New Castle Avenue, New Castle, DE 19720.

3. Walpar is a corporation, incorporated in the State of Alabama, with a principal place of business at 4200 Jefferson Avenue Birmingham, AL 35221.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue is proper in the judicial district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this cause of action occurred within this judicial district.

## FACTUAL BACKGROUND

6. On or about May 3, 2002, Daisy entered into an agreement with the Delaware River and Bay Authority to act as the general contractor on the Project.

7. St. Paul, as surety, and Daisy, as principal, issued a surety bond in connection with Daisy's role as general contractor on the Project. A copy of the bond is attached hereto as exhibit "A."

8. On or about April 26, 2002, Daisy entered into a subcontract agreement with Specialty Service Contractors ("Specialty") pursuant to which Specialty was to perform a certain defined scope of work on the Project.

9. In connection with the performance of its work on the Project, Specialty ordered and received materials and supplies from Walpar.

10. Walpar's involvement on the Project was limited to providing materials to Specialty. Walpar did not have any contractual relationship with Daisy, nor did it directly supply any materials to Daisy.

11. Walpar has made a demand against the surety bond for an amount greater than $75,000. Walpar's claim is for amounts that are allegedly owed to it by Specialty for the materials that it furnished to Specialty, which it claims are guaranteed by the surety bond. Walpar has recently threatened to commence a lawsuit against St. Paul in Alabama for these amounts.

12. Walpar's claim against the bond is without merit because as a supplier to a subcontractor on the Project, it lacks standing to assert a claim against the surety bond.

13. St. Paul and Daisy are entitled to declaratory relief because there is an actual controversy among St. Paul, Daisy, and Walpar regarding the surety bond and such relief will clarify and resolve this dispute, terminating the uncertainty, insecurity, and controversy between the parties.

WHEREFORE, St. Paul and Daisy request that the Court declare that Walpar lacks standing to assert a claim on the surety bond.

Respectfully submitted:

_____
Kevin W. Goldstein
Maryanne T. Donaghy
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue, Suite 800
P.O. Box 2170
Wilmington, DE 19801
(302) 576-5850

Attorneys for Plaintiff,
St. Paul Travelers Companies, Inc.

_____
Edward Seglias
COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.
Nemours Building
1007 Orange Street, Suite 205
Wilmington, DE 19801

Attorneys for Plaintiff,
Daisy Construction Company

Counsel for St. Paul Travelers Companies, Inc.:

Patrick R. Kingsley
William T. Mandia
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000

# EXHIBIT A

THE DELAWARE RIVER AND BAY AUTHORITY

DELAWARE MEMORIAL BRIDGE

CONTRACT NO. DMB-02-01

WEST APPROACH REPAVING AND MODIFICATIONS

I-295/US13 RAMPS

\*\*\*\*\*\*\*        Bond No. KF2829

CONTRACT BOND

KNOW ALL MEN BY THESE PRESENTS that _____

_____ Daisy Construction Company _____,

as Principal and \_\_\_\_ St. Paul Fire and Marine Insurance Company \_\_\_\_

_____,

a Corporation of the State of \_\_\_\_ Minnesota \_\_\_\_, as Surety,

legally authorized to do business in the State(s) of \_\_\_ Delaware \_\_\_

_____ where the work is to be performed, are held and firmly bound unto The Delaware River and Bay Authority (herein called "Authority") in the

sum of  Eleven Million Eight Hundred Five Thousand Two Hundred Fifteen

_____ Dollars and \_\_\_\_ Zero \_\_\_\_ Cents

($11,805,215.00\*\*\*\*\*.   ), to be paid to the said Authority for its use and benefit, for which payment well and truly to be made, we do bind ourselves, our and each and every of our heirs, executors, administrators, successors and assigns, jointly and severally for and in the whole firmly by these presents.

Sealed with our seals and dated this  3rd  day of \_\_\_\_ May \_\_\_\_ in the

year of our Lord two thousand and  Two  (20 02).

    NOW THE CONDITION OF THIS OBLIGATION IS SUCH that if the said above-bounden Principal who has been awarded by the said Authority a certain contract known as Contract No. DMB-02-01, and dated the  3rd  day of  May  in the year of our Lord

CB-1                Contract No. DMB-02-01

two thousand and Two (20_02), made a part of this bond the same as though set forth herein, for the performance of certain work for the said Authority shall well and truly provide and furnish all the materials, appliances and tools and perform all the work required under and pursuant to the terms and conditions of said Contract and of the Proposal, Plans, Standard Specifications and Special Provisions contained therein, or any changes or modifications thereto made as therein provided, and shall also indemnify and save harmless the said Authority from all costs, damages and expenses growing out of or by reason of the performance of said Contract and shall well and truly pay all and every person furnishing material or performing labor in and about the performance of the work under said Contract, all and every sum or sums of money due him, them or any of them, for all such labor and materials for which the Contractor is liable; then this obligation shall be void, or else to be and remain in full force and virtue.

The Surety, for value received, hereby stipulates and agrees, if requested to do so by the Authority:

(i) to fully perform and complete the work to be performed under the Contract pursuant to the terms, conditions and covenants thereof; or

(ii) to pay to the Authority upon demand amounts necessary to pay all costs incurred by the Authority (including appropriately allocated internal costs of the Authority) to enable the Authority to fully perform and complete the work to be performed under the Contract (but not exceeding the amount set forth in the first paragraph hereof);

if for any cause the Principal fails or neglects to so fully perform and complete such work. The Surety further agrees to commence such work of completion within twenty (20) calendar days after written notice thereof from the Authority and to complete such work within such reasonable time as the Authority may determine.

The Surety, for value received, for itself and its successors and assigns, hereby stipulates and agrees that the obligation of said Surety and its bond shall be in no way impaired or affected by any extension of time, modification, omission, addition or change in or to the said Contract or the work to be performed thereunder, or by any payment thereunder before the time required therein, or by any waiver of any provisions thereof, or by any assignment, subletting or other transfer thereof or of any work to be performed or any monies due or to become due thereunder; and said Surety does hereby waive notice of any and all of such extensions, modifications, omissions, additions, changes, payments, waivers, assignments, subcontracts and transfers and hereby expressly stipulates and agrees that any and all things done and omitted to be done by and in relation to assignees, subcontractors, and other transferees shall have the same effect as to said Surety as though done or omitted to be done by or in relation to said Principal.

The said Surety hereby stipulates and agrees that no modifications, omissions or additions in or to the terms of the said Contract, or in or to the Plans, Standard Specifications and Special Provisions therefor, shall in anyway affect the obligation of said Surety of its bond.

CB-2      Contract No. DMB-02-01

IN WITNESS WHEREOF, the Principal and the Surety have hereunto set their hands and seals, and such of them as are corporations have caused their corporate seal to be hereto affixed and these presents to be signed by their proper officers, the day and year first set forth above:

PRINCIPAL

Name: Daisy Construction Company

Address: 3128 New Castle Avenue

New Castle, DE 19720

Witness or Attest:

By: _____ (L.S.)
Title:

(Corporate Seal)

SURETY

Name: St. Paul Fire and Marine Insurance Company

Address: 1500 Market Street, Suite 1800

Philadelphia, PA 19102

Witness or Attest:

By: _____ (L.S.)
Title: Carmen L. Rivas
Attorney-In-Fact

(Corporate Seal)

CB-3                    Contract No. DMB-02-01

IN THE CASE OF THE BREACH OF THE CONDITION of the above Bond, we do hereby authorize and empower any Clerk, Prothonotary or Attorney of any Court of Record in the United States or elsewhere to appear for us and each of us, our and each and every of our heirs, executors, administrators, successors and assigns, at the suit of said Authority, or its assigns, on the above obligation as of any term or time prior or subsequent to the date hereof, and thereupon to confess judgment for the above sum of

Eleven Million Eight Hundred Five Thousand Two Hundred Fifteen Dollars

and Zero Cents ($ 11,805,215.00***** ) debt, besides cost of suit by Non Sum Informatus, Nihil Dicit or otherwise with stay or execution to the day of payment.

PRINCIPAL

Name: Daisy Construction Company

Address: 3128 New Castle Avenue

New Castle, DE 19720

Witness or Attest:

By: _____ (L.S.)
Title:

(Corporate Seal)

SURETY

Name: St. Paul Fire and Marine Insurance Company

Address: 1500 Market Street, Suite 1800

Philadelphia, PA 19102

Witness or Attest:

By: _____ (L.S.)
Title: Carmen L. Rivas
Attorney-In-Fact

(Corporate Seal)

CB-4                                    Contract No. DMB-02-01

**The St Paul**

POWER OF ATTORNEY

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.

Power of Attorney No. 21484

Certificate No. 770863

KNOW ALL MEN BY THESE PRESENTS: That Seaboard Surety Company is a corporation duly organized under the laws of the State of New York, and that St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company and St. Paul Mercury Insurance Company are corporations duly organized under the laws of the State of Minnesota, and that United States Fidelity and Guaranty Company is a corporation duly organized under the laws of the State of Maryland, and that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc. is a corporation duly organized under the laws of the State of Wisconsin *(herein collectively called the "Companies")*, and that the Companies do hereby make, constitute and appoint

Robert G. Hackett, Jr., Carmen L. Rivas, Jeffrey R. Longenecker and Rebecca Lee Leote

of the City of Wilmington, State of Delaware, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

IN WITNESS WHEREOF, the Companies have caused this instrument to be signed and sealed this 7th day of January, 2000.

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.

JOHN F. PHINNEY, Vice President

THOMAS E. HUIBREGTSE, Assistant Secretary

State of Maryland
City of Baltimore

On this 7th day of January, 2000, before me, the undersigned officer, personally appeared John F. Phinney and Thomas E. Huibregtse, who acknowledged themselves to be the Vice President and Assistant Secretary, respectively, of Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc.; and that the seals affixed to the foregoing instrument are the corporate seals of said Companies; and that they, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the names of the corporations by themselves as duly authorized officers.

In Witness Whereof, I hereunto set my hand and official seal.
My Commission expires the 13th day of July, 2002.

REBECCA EASLEY-ONOKALA, Notary Public

Rev. 7-2000 Printed in U.S.A.

JS44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
St. Paul Travelers Companies, Inc.
Daisy Construction Company

## DEFENDANTS
Walpar, Inc.

(b) COUNTY RESIDENCE OF FIRST LISTED PLAINTIFF  Ramsey County, MN & New Castle County, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Jefferson County, AL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Maryanne Donaghy, Stradley, Ronon Stevens & Young, LLP, 300 Delaware Avenue, Suite 800, P.O. Box 2170, Wilmington, DE (302) 576-5850, for St. Paul Travelers Companies, Inc., and

Edward Seglias, Cohen, Seglias, Pallas, Greenhall & Furman, P.C., Nemours Building, 1007 Orange Street, Suite 205, Wilmington, DE 19801 (302) 425-5089, for Daisy Construction Company

ATTORNEYS (IF KNOWN)
James S. Roberts, Townes, Woods, & Roberts, P.C., P.O. Box 96-717 Kerr Drive, Gardendale, AL 39071 (205) 631-4019

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT: (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefit | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | FEDERAL TAX SUITS | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | | Appeal to District |

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief Description of Cause:
Action for declaratory judgment relating to a dispute involving a surety bond

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

Declaratory relief for dispute involving an amount in excess of $75,000, exclusive of interest and costs

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE_____  DOCKET NUMBER_____

DATE: December 20, 2005
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

L 418526v.1

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____    _____
(Date forms issued)                          (Signature of Party or their Representative)

                                             _____
                                             (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action