

THE DELAWARE RIVER AND BAY AUTHORITY

DELAWARE MEMORIAL BRIDGE

CONTRACT NO. DMB-02-01

WEST APPROACH REPAVING AND MODIFICATIONS

I-295/US13 RAMPS

\* \* \* \* \* \* \*      Bond No. KF2829

CONTRACT BOND

KNOW ALL MEN BY THESE PRESENTS that _____

Daisy Construction Company,

as Principal and    St. Paul Fire and Marine Insurance Company

_____,

a Corporation of the State of    Minnesota    , as Surety,

legally authorized to do business in the State(s) of    Delaware

_____ where the work is to be performed, are held and firmly bound unto The Delaware River and Bay Authority (herein called "Authority") in the

sum of  Eleven Million Eight Hundred Five Thousand Two Hundred Fifteen

_____Dollars and    Zero    Cents

($11,805,215.00*****.   ), to be paid to the said Authority for its use and benefit, for which payment well and truly to be made, we do bind ourselves, our and each and every of our heirs, executors, administrators, successors and assigns, jointly and severally for and in the whole firmly by these presents.

Sealed with our seals and dated this  3rd  day of    May    in the

year of our Lord two thousand and Two  (20 02).

NOW THE CONDITION OF THIS OBLIGATION IS SUCH that if the said above-bounden Principal who has been awarded by the said Authority a certain contract known as Contract No. DMB-02-01, and dated the   3rd   day of  May    in the year of our Lord

two thousand and Two (20_02), made a part of this bond the same as though set forth herein, for the performance of certain work for the said Authority shall well and truly provide and furnish all the materials, appliances and tools and perform all the work required under and pursuant to the terms and conditions of said Contract and of the Proposal, Plans, Standard Specifications and Special Provisions contained therein, or any changes or modifications thereto made as therein provided, and shall also indemnify and save harmless the said Authority from all costs, damages and expenses growing out of or by reason of the performance of said Contract and shall well and truly pay all and every person furnishing material or performing labor in and about the performance of the work under said Contract, all and every sum or sums of money due him, them or any of them, for all such labor and materials for which the Contractor is liable; then this obligation shall be void, or else to be and remain in full force and virtue.

The Surety, for value received, hereby stipulates and agrees, if requested to do so by the Authority:

(i) to fully perform and complete the work to be performed under the Contract pursuant to the terms, conditions and covenants thereof; or

(ii) to pay to the Authority upon demand amounts necessary to pay all costs incurred by the Authority (including appropriately allocated internal costs of the Authority) to enable the Authority to fully perform and complete the work to be performed under the Contract (but not exceeding the amount set forth in the first paragraph hereof);

if for any cause the Principal fails or neglects to so fully perform and complete such work. The Surety further agrees to commence such work of completion within twenty (20) calendar days after written notice thereof from the Authority and to complete such work within such reasonable time as the Authority may determine.

The Surety, for value received, for itself and its successors and assigns, hereby stipulates and agrees that the obligation of said Surety and its bond shall be in no way impaired or affected by any extension of time, modification, omission, addition or change in or to the said Contract or the work to be performed thereunder, or by any payment thereunder before the time required therein, or by any waiver of any provisions thereof, or by any assignment, subletting or other transfer thereof or of any work to be performed or any monies due or to become due thereunder; and said Surety does hereby waive notice of any and all of such extensions, modifications, omissions, additions, changes, payments, waivers, assignments, subcontracts and transfers and hereby expressly stipulates and agrees that any and all things done and omitted to be done by and in relation to assignees, subcontractors, and other transferees shall have the same effect as to said Surety as though done or omitted to be done by or in relation to said Principal.

The said Surety hereby stipulates and agrees that no modifications, omissions or additions in or to the terms of the said Contract, or in or to the Plans, Standard Specifications and Special Provisions therefor, shall in anyway affect the obligation of said Surety of its bond.

CB-2                                    Contract No. DMB-02-01

IN WITNESS WHEREOF, the Principal and the Surety have hereunto set their hands and seals, and such of them as are corporations have caused their corporate seal to be hereto affixed and these presents to be signed by their proper officers, the day and year first set forth above.

**PRINCIPAL**

Name: Daisy Construction Company

Address: 3128 New Castle Avenue

New Castle, DE 19720

By: _____ (L.S.)
Title:

Witness or Attest:

_Jerome G. Johnson, Asst. Sec._
(Corporate Seal)

**SURETY**

Name: St. Paul Fire and Marine Insurance Company

Address: 1500 Market Street, Suite 1800

Philadelphia, PA 19102

By: _____ (L.S.)
Title: Carmen L. Rivas
Attorney-In-Fact

Witness or Attest:

_Kristin M. Greenhawk_

(Corporate Seal)

IN THE CASE OF THE BREACH OF THE CONDITION of the above Bond, we do hereby authorize and empower any Clerk, Prothonotary or Attorney of any Court of Record in the United States or elsewhere to appear for us and each of us, our and each and every of our heirs, executors, administrators, successors and assigns, at the suit of said Authority, or its assigns, on the above obligation as of any term or time prior or subsequent to the date hereof, and thereupon to confess judgment for the above sum of

__Eleven Million Eight Hundred Five Thousand Two Hundred Fifteen__ Dollars

and __Zero__ Cents ($ 11,805,215.00***** ) debt, besides cost of suit by Non Sum Informatus, Nihil Dicit or otherwise with stay or execution to the day of payment.

---

**PRINCIPAL**

Name: Daisy Construction Company

Address: 3128 New Castle Avenue

New Castle, DE 19720

Witness or Attest:

By: _____ (L.S.)
Title:

(Corporate Seal)

**SURETY**

Name: St. Paul Fire and Marine Insurance Company

Address: 1500 Market Street, Suite 1800

Philadelphia, PA 19102

Witness or Attest:

By: _____ (L.S.)
Title: Carmen L. Rivas
Attorney-In-Fact

(Corporate Seal)

CB-4     Contract No. DMB-02-01

**he St Paul**

POWER OF ATTORNEY

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.

wer of Attorney No.   21484

Certificate No.   770863

IOW ALL MEN BY THESE PRESENTS: That Seaboard Surety Company is a corporation duly organized under the laws of the State of New York, and that Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company and St. Paul Mercury Insurance Company are corporations duly organized under laws of the State of Minnesota, and that United States Fidelity and Guaranty Company is a corporation duly organized under the laws of the State of Maryland, and : Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance lerwriters, Inc. is a corporation duly organized under the laws of the State of Wisconsin *(herein collectively called the "Companies")*, and that the Companies do :by make, constitute and appoint

Robert G. Hackett, Jr., Carmen L. Rivas, Jeffrey R. Longenecker and Rebecca Lee Leote

e City of _____Wilmington_____, State _____Delaware_____, their true and lawful Attorney(s)-in-Fact, in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, racts and other written instruments in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the irmance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

VITNESS WHEREOF, the Companies have caused this instrument to be signed and sealed this _____7th_____ day of _____January_____, 2000.

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.

JOHN F. PHINNEY, Vice President

THOMAS E. HUIBREGTSE, Assistant Secretary

of Maryland
f Baltimore

s _____7th_____ day of _____January_____, 2000, before me, the undersigned officer, personally appeared John F. Phinney and is E. Huibregtse, who acknowledged themselves to be the Vice President and Assistant Secretary, respectively, of Seaboard Surety Company, St. Paul Fire and : Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, United States Fidelity and Guaranty Company, Fidelity and ity Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc.; and that the seals affixed to the foregoing instrument are the corporate seals of ompanies; and that they, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the names of the ations by themselves as duly authorized officers.

ness Whereof, I hereunto set my hand and official seal.
mmission expires the 13th day of July, 2002.

REBECCA EASLEY-ONOKALA, Notary Public

iev. 7-2000 Printed in U.S.A.