IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL TRAVELERS COMPANIES, INC. | : | |
| and | : | |
| DAISY CONSTRUCTION COMPANY, | : | |
| Plaintiffs, | : | CASE NO. 05-880 (KAJ) |
| v. | : | |
| WALPAR, INC., | : | |
| Defendant, | : | |
| AND | : | |
| DAISY CONSTRUCTION COMPANY, | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| SPECIALTY SERVICE CONTRACTORS, INC., | : | |
| Third-Party Defendant. | : | |

### PLAINTIFF AND THIRD PARTY COUNTERCLAIM DEFENDANT, DAISY CONSTRUCTION COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS OF DEFENDANT AND THIRD PARTY COUNTERCLAIM PLAINTIFF, SPECIALTY SERVICE CONTRACTORS, INC.

Plaintiff and Third Party Defendant-in-Counterclaim, Daisy Construction Company, ("Daisy") by its undersigned counsel, hereby submits this Answer to Counterclaims of Third-Party Defendant and Third Party Plaintiff-in-Counterclaim, Specialty Service Contractors, Inc. ("Specialty"), and avers as follows:

5696-019

## PARTIES

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

## NATURE OF THE ACTION

5. Admitted.

6. Daisy admits that it entered into a subcontract ("Contract") with Specialty dated April 26, 2002 in the amount of $722,000.00. The remainder of Paragraph 6 of Specialty's Third Party Complaint is denied. By way of further response, through the course of dealings between the parties, the contracted price was changed from $722,000.00 to $531,255.64 through a series of deduct change orders.

7. Daisy admits that it made payment to Specialty in compliance with the terms of the Contract. The remainder of Paragraph 7 of Specialty's Third-Party Counterclaim is denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied. By way of further response, Specialty failed to perform work listed in the punch list and other contractual obligations.

14. Denied. By way of further response, Specialty is responsible for assessed liquidated damages in the amount of $80,000.00, in addition to charges in excess of $50,000.00 that Daisy incurred in order to complete the Contract.

15. Denied.

16. Denied.

## COUNT I
## BREACH OF CONTRACT

17. Daisy incorporates by reference paragraphs 1 through 16, as though set forth at length herein.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

WHEREFORE, Plaintiff and Third Party Defendant-in-Counterclaim, Daisy Construction Company, demands dismissal of the Counterclaims with prejudice, costs of suit, and other such relief as this court deems just and appropriate.

5696-019

### FIRST AFFIRMATIVE DEFENSE

1. Specialty has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Specialty's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Specialty's claims are by indemnification.

### FOURTH AFFIRMATIVE DEFENSE

4. Specialty's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Specialty's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Specialty's claims are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

7. Specialty's claims are barred by the Statute of Frauds.

### EIGHTH AFFIRMATIVE DEFENSE

8. Specialty's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

9. Specialty's claims are barred by concurrent delay and disruption.

### TENTH AFFIRMATIVE DEFENSE

10. Daisy did not commit any material breach of any contractual duty, express or implied, in law or in equity, owed to Specialty.

5696-019

## ELEVENTH AFFIRMATIVE DEFENSE

11.     If Specialty has sustained any damages, which is specifically denied, Specialty's claims are barred because Specialty failed to mitigate its damages.

## TWELFTH AFFIRMATIVE DEFENSE

12.     If Specialty has sustained any damages, which is specifically denied, Specialty's claims are barred by the actions or inactions of Specialty, and/or were caused by factors beyond Daisy's control and/or by third parties of which Daisy has no control and cannot be responsible.

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

_____
Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street, Suite 1130
Wilmington, DE 19801
(302) 425-5089
Attorneys for Plaintiff / Defendant-in-Counterclaim
Daisy Construction Company

Date: August 8, 2006

## CERTIFICATE OF SERVICE

I, Robert K. Beste, Jr., Esquire, hereby certify that on this 18th day of August, 2006, a true and correct copy of "Plaintiff and Third Party Counterclaim Defendant, Daisy Construction Company's Answer and Affirmative Defenses to the Counterclaims of Defendant and Third Party Counterclaim Plaintiff, Specialty Service Contractors, Inc." was served upon the following electronically:

James D. Heisman, Esq.
Scott G. Wilcox, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Gary W. Aber, Esq.
ABER, GOLDLUST, BAKER & OVER
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19889

Kevin W. Goldstein, Esq.
Maryanne T. Donaghy, Esq.
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue, Suite 800
P.O. Box 2170
Wilmington, DE 19889

                **COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.**

                Edward Seglias, Esq. (I.D. No. 2822)
                Robert K. Beste, Jr., Esq. (I.D. No. 154)
                1007 Orange Street, Suite 1130, Nemours Bldg.
                Wilmington, DE 19801
                (302) 425-5089
                Attorneys for Plaintiff / Defendant-in-Counterclaim
                Daisy Construction Company