IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL TRAVELERS COMPANIES, INC. And DAISY CONSTRUCTION COMPANY, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION NO. 05-880 (KAJ) |
| WALPAR, INC., | : : | |
| Defendant, | : : | |
| and | : : | |
| DAISY CONSTRUCTION COMPANY, | : : | |
| Third-Party Plaintiff, | : : : | |
| v. | : : | |
| SPECIALTY SERVICE CONTRACTORS, INC., | : : : | |
| Third-Party Defendant. | : : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF ST. PAUL TRAVELERS COMPANIES TO THIRD-PARTY COMPLAINT OF SPECIALTY SERVICES CONTRACTORS, INC.**

St. Paul Travelers Companies, Inc. ("St. Paul"), hereby answers the Third-Party Complaint of Specialty Services Contractors, Inc. ("Specialty"), as follows:

### PARTIES

1. Admitted upon information and belief.

2. Admitted.

# 496130 v. 1

## JURISDICTION AND VENUE

3. The allegations set forth in this paragraph are conclusions of law to which no response is required.

4. The allegations set forth in this paragraph are conclusions of law to which no response is required.

## NATURE OF THE ACTION

5. The general contract between Daisy Construction, Inc. ("Daisy") and the Delaware River and Bay Authority ("DRBA") is in writing and speaks for itself, and inconsistent characterizations of its terms are denied.

6. St. Paul admits only that it, as surety, and Daisy, as principal, issued a surety bond (the "Bond") in connection with Daisy's role as general contractor on a project on the Delaware Memorial Bridge (the "Project"). The remaining allegations set forth in this paragraph characterize the Bond, which is in writing and speaks for itself, and inconsistent characterizations of its terms are denied.

7. Admitted.

8. The Subcontract Agreement is in writing and speaks for itself, and inconsistent characterizations of its terms are denied.

9. Admitted in part, denied in part. St. Paul admits that the original amount of the Subcontract Agreement was $722,000. St. Paul denies the remaining averments set forth in this paragraph.

10. The allegations set forth in this paragraph characterize the Subcontract Agreement, which is in writing and speaks for itself, and inconsistent characterizations of its terms are denied.

11. Denied.

12. Admitted in part, denied in part. St. Paul admits only that Specialty issued invoices to Daisy for payment. St. Paul denies that Daisy owes Specialty the amount claimed.

13. Denied as stated. Specialty provided St. Paul with notice that it was making a claim for payment under the Bond. St. Paul denied Specialty's claim after it completed a reasonable and good faith investigation.

### Count I
### Action on the Bond

14. St. Paul incorporates herein by reference paragraphs 1-13 above.

15. The allegations set forth in this paragraph are conclusions of law to which no response is required.

16. The allegations set forth in this paragraph are conclusions of law to which no response is required. Further responding, the Bond is in writing and speaks for itself, and inconsistent characterizations of its terms are denied. To the extent that the allegations set forth in this paragraph are deemed to be factual in nature, they are denied.

### Count II
### Breach of Contract By St. Paul

17. St. Paul incorporates herein by reference paragraphs 1-16 above.

18. The allegations set forth in this paragraph are conclusions of law to which no response is required. Further responding, the Bond is in writing and speaks for itself, and inconsistent characterizations of its terms are denied.

19. The allegations set forth in this paragraph are conclusions of law to which no response is required. Further responding, the Bond is in writing and speaks for itself, and inconsistent characterizations of its terms are denied.

20. The allegations set forth in this paragraph are conclusions of law to which no response is required. Further responding, the Bond is in writing and speaks for itself, and inconsistent characterizations of its terms are denied. To the extent that the allegations set forth in this paragraph are deemed to be factual in nature, they are denied.

21. The allegations set forth in this paragraph are conclusions of law to which no response is required.

22. The allegations set forth in this paragraph are conclusions of law to which no response is required. Further responding, the Bond is in writing and speaks for itself, and inconsistent characterizations of its terms are denied. To the extent that the allegations set forth in this paragraph are deemed to be factual in nature, they are denied.

23. Denied as stated. St. Paul denied Specialty's claim after it completed a reasonable and good faith investigation.

24. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent that the allegations set forth in this paragraph are deemed to be factual in nature, they are denied.

25. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent that the allegations set forth in this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, St. Paul Travelers Companies, Inc. respectfully requests that the Third-Party Complaint be dismissed with prejudice in its entirety; that judgment be entered in favor of St. Paul Travelers Companies, Inc., and against Specialty Services Contractors, Inc., and that St. Paul Travelers Companies, Inc., be awarded such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Third-Party Complaint fails to state a claim against St. Paul upon which relief can be granted.

### SECOND DEFENSE

There is no liability under the Bond for Specialty's claims to the extent that Specialty failed to comply with or satisfy the terms, conditions and other provisions of the Subcontract Agreement and/or the Payment Bond.

### THIRD DEFENSE

There is no liability under the Bond for Specialty's claims to the extent that Specialty failed to satisfy any conditions precedent under the Bond.

### FOURTH DEFENSE

There is no liability under the Bond for Specialty's claims to the extent that Specialty has failed to join an indispensable party.

### FIFTH DEFENSE

There is no liability under the Bond for Specialty's claims to the extent that any non-payment for work or services provided by Specialty under the Subcontract Agreement was the result of the DRBA's failure to pay Daisy under the terms of the general contract.

### SIXTH DEFENSE

There is no liability under the Bond to the extent that Specialty breached any duty of good faith and fair dealing in connection with the Subcontract Agreement or the Payment Bond.

### SEVENTH DEFENSE

There is no liability under the Bond to the extent that Specialty breached any contractual duties between itself and Daisy.

### EIGHTH DEFENSE

There is no liability under the Bond to the extent that Specialty's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

### NINTH DEFENSE

There is no liability under the Bond to the extent that Specialty's claims are barred, in whole or in part, by its failure to mitigate its own damages, if any.

### TENTH DEFENSE

St. Paul had reasonable and justified bases for the denial of Specialty's claim.

### ELEVENTH DEFENSE

At all times relevant hereto, St. Paul acted reasonably and in good faith toward Specialty.

### TWELFTH DEFENSE

Some or all of the damages claimed by Specialty may not recoverable under the Bond and/or as a matter of law.

### THIRTEENTH DEFENSE

Specialty's claims are barred in whole or in part by the doctrines of offset and/or recoupment.

### FOURTEENTH DEFENSE

Some or all of the damages claimed by Specialty are barred by the retainage provisions of the Subcontract Agreement.

# 496130 v. 1

### FIFTEENTH DEFENSE

Some or all of the damages claimed by Specialty are precluded by virtue of liquidated damages assessed on the Project as a result of unnecessary delay and/or improperly performed work.

### SIXTEENTH DEFENSE

Specialty's claims may be barred by its failure to provide backup documentation to Daisy in support of its claim.

### SEVENTEENTH DEFENSE

Some or all of the damages claimed by Specialty may be precluded by backcharges that Daisy has assessed against Specialty for work improperly performed by Specialty that Daisy either has or will have to complete.

### EIGHTEENTH DEFENSE

Specialty's claims may be barred by the statute of limitations, statute of repose, and/or the doctrine of laches.

### NINETEENTH DEFENSE

Specialty's claims barred in whole or in party by virtue of the statute of frauds and/or parole evidence rule.

### TWENTIETH DEFENSE

St. Paul is entitled to raise any affirmative defense raised by Daisy, its principal, and incorporates herein by reference any affirmative defense asserted by Daisy.

### TWENTY-FIRST DEFENSE

St. Paul may have additional defenses that cannot now be determined due to lack of information regarding Specialty's claims. St. Paul reserves its right to supplement this

Answer and Defenses upon further development of relevant information.

WHEREFORE, St. Paul Travelers Companies, Inc. respectfully requests that the Third-Party Complaint be dismissed with prejudice in its entirety; that judgment be entered in favor of St. Paul Travelers Companies, Inc., and against Specialty Services Contractors, Inc., and that St. Paul Travelers Companies, Inc., be awarded such other and further relief as this Court deems appropriate.

Respectfully submitted:

_____
Kevin W. Goldstein
Maryanne T. Donaghy
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue, Suite 800
P.O. Box 2170
Wilmington, DE 19801
(302) 576-5850

Attorneys for Plaintiff,
St. Paul Travelers Companies, Inc.

Of Counsel for St. Paul Travelers Companies, Inc.:

Patrick R. Kingsley
William T. Mandia
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000

# 496130 v. 1

**CERTIFICATE OF SERVICE**

I, Kevin W. Goldstein, hereby certify on this 31st day of August, 2006, that I caused a copy of the foregoing Answer and Affirmative Defenses of St. Paul Travelers Companies, Inc. to Third-Party Complaint of Specialty Services Contractors, Inc. to be served upon the following via CM/ECF:

>James D. Heisman, Esquire
>Scott G. Wilcox, Esquire
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899
>
>Gary W. Aber, Esquire
>Aber, Goldlust, Baker & Over
>First Federal Plaza, Suite 600
>P.O. Box 1675
>Wilmington, DE 19899
>
>Edward Seglias, Esquire
>Robert K. Beste, Jr., Esquire
>Cohen Seglias Pallas Greenhall & Furman, P.C.
>1007 N. Orange Street
>Suite 1130
>Wilmington, DE 19801

_____
Kevin W. Goldstein

\# 496130 v.1