## SCHEDULE A

**I.    DEFINITIONS**

A.    "DRBA" means Delaware River and Bar Authority and all officers, employees, directors, agents, accountants, investigators, and/or other representatives or persons authorized on their behalf.

B.    "Daisy" "you" or "your" includes Daisy Construction, Company ("Daisy"), parent companies, subsidiaries and affiliated companies, predecessors-in-interest, and all past and present officers, employees, directors, agents, accountants, investigators, and/or other representatives or persons authorized on their behalf.

C.    "Person" as used herein refers to both natural persons and to corporate or other business entities, whether or not in your employ, and the acts of a person are defined to include the facts of directors, officers, employees, agents, representatives or attorneys acting on the person's behalf.

D.    "Document" is used in a broad sense and includes, without limitation, the following items, whether printed, or recorded, or filmed, or reproduced by another mechanical or electronic process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground, and whether an original, master, copy of translation thereof, namely: agreements; communications, including intra and inter company communications; correspondence, cablegrams, radiograms and telegrams; notes and memoranda; summaries or minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications and diaries; laboratory and engineering reports and notebooks, specifications or bills of materials; charts; plans, sketches, diagrams and drawings; blueprints and other engineering drawings; promotional proposals; photographs, reports and/or summaries of investigations; opinions and reports of consultants; sales records, including purchase orders and invoices; reports and summaries of negotiations; brochures;

490800

pamphlets, catalogs and catalog sheets, advertisements; circulars, press, publicity, drafts or original or preliminary notes on, and marginal annotations appearing on any document; other reports and records; computer disks, tapes or cards; electronic mail ("e-mail"); and any other information-containing paper or other medium. The term "document" or "documents" also includes all copies whether or not identical to the original.

E.  "Thing" as used herein shall mean and refer to any tangible object other than a Document, and includes objects of every kind and nature such as, but not limited to, prototypes, models and specimens.

F.  "Communication" shall mean and refer to any oral or written communication or contact between two or more persons, including, without limitation, written contact by such means as letter, memorandum, telegram, telex or any other document, and oral contact, heard or overheard, by such means as a face-to-face meeting, radio conversation, telephone conversation, and every other mode of transferring thoughts or ideas between persons.

G.  "Relating to" shall mean, in whole or in part, referring to, evidencing, constituting, concerning, containing, mentioning, embodying, discussing, reflecting, dealing with, analyzing or otherwise pertaining to the subject matter of the request.

H.  "Specialty" shall mean Specialty Service Contractors, Inc.

I.  "Project" shall mean the work performed by Specialty under a contract with Daisy for I-295/US RT 13 Ramps.

J.  "Contract" shall mean the subcontract between Specialty and Daisy dated April 26, 2002.

K.  Words in the singular include the plural, words in the plural include the singular.

L.  Words in the past tense include the present tense, words in the present tense include the past tense.

490800

M.    "And" and "or" are both conjunctive and disjunctive.

N.    "Collinson" shall mean Collinson, Inc.

## II. INSTRUCTIONS

In addition to the Federal Rules of Civil procedure and the applicable Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, please respond in accordance with the following instructions:

Claims of Privilege: If any DOCUMENT or thing responsive to any of the following requests is being withheld based on any claim of privilege, DESCRIBE generally the DOCUMENT or thing withheld, state the privilege being relied upon and IDENTIFY all PERSONS or entities who have or have had access to said DOCUMENT or thing.

Overly Burdensome: If any request is objected to on grounds that a response would be overly burdensome, YOU are instructed to DESCRIBE the number of responsive DOCUMENTS, IDENTIFY each DOCUMENT, specify the location of all responsive DOCUMENTS and provide an estimate of the costs associated with copying said responsive DOCUMENTS.

## III. REQUESTS FOR DOCUMENTS AND THINGS

1.    All documents referring, reflecting or relating to the imposition or the threat of the imposition of delay damages against any contractor or subcontractor working on the Project.

2.    All documents referring, reflecting or relating to any alleged delay by any entity in connection with the Project.

3.    All correspondence between DRBA and any third party, including but not limited to Collinson, referring, reflecting or relating to the Project.

4.    All documents referring, reflecting or relating to any payments made by DRBA to Daisy in connection with the Project.

490800

5. All documents referring, reflecting or relating to Daisy's project managers, including without limitation, any directives that certain individuals not work on the Project.

6. All documents referring, reflecting or relating to any requests for payment made by Daisy in connection with the Project.

7. All correspondence referring, reflecting, or relating to any punch list items which DRBA contends were within Specialty's scope of work.

8. All documents referring, reflecting or relating to the alleged punch list items which Specialty allegedly failed to address.

9. All documents referring, reflecting, or relating to adjustments to Daisy's contract with DRBA, including without limitation change orders, deduct change orders, and/or back charges.

10. All contract documents between Daisy and DRBA, including without limitation, change orders, deduct change orders, and/or back charges.

11. All documents referring, reflecting or relating to Daisy's termination of the Contract for the Project with Specialty.

12. All documents referring, reflecting or relating to any work on the Project which DRBA contends was within the scope of Specialty's Contract and that Specialty failed to perform.

13. All documents referring, reflecting or relating to any third party contractors which performed work allegedly within the scope of Specialty's Contract, including without limitation Collinson.

14. All documents referring, reflecting or relating to Collinson, including without limitation, Collinson's contract and any change orders, deduct change orders, and/or back charges.

15. All documents referring, reflecting or relating to the ground level elevations provided by Daisy and/or the Owner to Specialty.

490800

16. All documents referring, reflecting or relating to the reassignment, and/or removal and/or termination of any of Daisy's project managers assigned to the Project.

17. All documents referring, reflecting or relating to the lateral positioning of signs on the Project.

18. All documents referring, reflecting or relating to the monetary impact, if any, to the Owner as a result of Specialty's alleged delay.

19. All correspondence between Daisy and DRBA referring, reflecting or relating to Specialty.

20. All correspondence between Daisy and DRVA referring, reflecting or relating to any delays on the Project.

21. All documents referring, reflecting, or relating to modifications to the plans and drawings used on the Project.

22. All documents referring, reflecting or relating to any schedules, project logs, and/or critical path schedules for the Project.

23. All correspondence referring, reflecting, and relating to corrections or requests for corrections to drawings and/or specifications on the Project.

24. All correspondence referring, reflecting, or relating to the January 13, 2004 meeting or decisions that were made from the January 13, 2004 meeting attended by Joe Volk, Leonard Iacono and Kevin Howell.

25. All correspondence between Daisy and DRBA relating to any aspect of the work on the Project.

26. All documents referring, reflecting, or relating to payment applications made by Daisy regarding the Project.

490800

27. All documents referring, reflecting, or relating to shop drawings submitted by Specialty.

28. All shop drawings submitted by Specialty to Daisy.

29. All approved shop drawings referring, reflecting or relating to signage.

30. All minutes of meetings between DRBA and Daisy.

31. All minutes of meetings between DRBA and any other contractor on the Project.

32. All minutes of meetings for the Project.

33. All correspondence referring, reflecting, or relating to claim submittals made by Daisy to DRBA for the Delaware Memorial Bridge project.

490800